UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID A. ROURKE          :
                         :
     v.                  :     C.A. No. 08-528S
                         :
VETERANS HOSPITAL        :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On December 23, 2008, Plaintiff filed a pro se Complaint against the Veterans' Affairs or VA Hospital and an Application pursuant to 28 U.S.C. § 1915 to Proceed without Prepayment of Fees (including the $350.00 civil case filing fee). Plaintiff's Application (Document No. 2) to excuse the filing fee was referred to me for determination.

Plaintiff challenges the constitutionality of a Pain Management Agreement used by the VA Hospital when a patient is prescribed narcotic pain medication, and he requests that the form be "invalidated." By letter dated January 2, 2009 (copy attached as Exhibit A),[*] Plaintiff informed the Court that "the VA gave in and withdrew my Pain Management Agreement which ends" this lawsuit. In a second letter also dated January 2, 2009 (copy attached as Exhibit B),[*] Plaintiff stated that the issue was "settled...out of court." Finally, Plaintiff submitted a copy of a letter dated January 5, 2009 (copy attached as Exhibit C) from a VA Hospital representative to him which confirms that "the pain management agreement has been rescinded."

---

[*] In both letters, Plaintiff expresses support and admiration for both myself and my father, and concludes that I am thus disqualified from hearing his cases. I have never met Mr. Rourke and have had no past or current relationship or dealings with him which require my recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455. While I do recall receiving a note or card from Plaintiff in the past, there is nothing about that past unsolicited correspondence which has or would impair my ability to be fair, impartial and neutral in dealing with a case involving Plaintiff. Thus, treating Plaintiff's letters as a Motion for me to recuse, the Motion is DENIED.

Accordingly, since Plaintiff's Complaint only sought injunctive and/or declaratory relief, i.e., invalidation of the form, and Plaintiff now represents that the VA form in dispute has been "withdrawn" and the matter "settled," I recommend that Plaintiff's Application to Proceed without Prepayment of Fees (Document No. 2) be DENIED as moot and that Plaintiff's Complaint (Document No. 1) be DISMISSED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 12, 2009